

NIGHT BOX
FILED

CLARENCE MADDOX
CLERK, USDC/SDFL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    )    CASE   NO.   00-~~6801~~-CR-FERGUSON
                            )    Magistrate Judge Snow
                            )
                            )
v.                          )
                            )
OSCAR TENORIO-MALLARINO     )
                            )
        Defendant.          )
_____)

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing

Discovery Order.  This response also complies with Local Rule 88.10

and Federal Rule of Criminal Procedure 16, and is numbered to

correspond with Local Rule 88.10.

    A.   1.   Attached, please find a copy of a written statement
              made by the defendant.

         2.   The government is also aware of certain oral
              statements made by the defendant before arrest in
              response to questioning by a person then known to
              the defendant to be a government agent that the
              government intends to use at trial.  Those
              statements are being memorialized by the agent and
              when they are completed will be disclosed to the
              defendant as soon as they are received by the
              government.



3.    The defendant did not testify before the Grand Jury.

4.    The NCIC record of the defendant, along with a copy of a judgment and commitment order is attached.

5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.    A report analyzing and comparing the fingerprint sample provided by the defendant following his arrest in this case with the fingerprints provided along with warrant for defendant's deportation will be provided upon receipt by the government.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

        In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.    To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.    These stipulations will be discussed at the discovery conference.

P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

The attachments to this response are numbered pages 00001 -00028.    Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By:    _____
MATTHEW MENCHEL
Assistant United States Attorney
Court Id No. A5500407
500 E. Broward Blvd. Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255 x3596
Fax: (954) 356-7336

cc:  Special Agent Julian Hernandez,
     Immigration and Naturalization Service

4

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 10th day of April, 2000 to: Daryl E. Wilcox, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

MATTHEW MENCHEL
Assistant United States Attorney

U.S. Department of Justice      Warrant of Removal/Deportation
Immigration and Naturalization Service

Case 0:00-cr-06081-WDF  Document 12  Entered on FLSD Docket 04/10/2000  Page 6 of 32

File No: A 19 529 207

Date: March 22, 2000

## To any officer of the United States Immigration and Naturalization Service:

TENORIO-Mallarino, Oscar Hernan
<span style="font-size:small">(Full name of Alien)</span>

who entered the United States at San ysidro, California on March of 1998
            <span style="font-size:small">(Place of entry)</span>         <span style="font-size:small">(Date of entry)</span>

is subject to removal/deportation from the United States, based upon a final order by:

- [ ] an immigration judge in exclusion, deportation, or removal proceedings
- [X] a district director or a district director's designated official
- [ ] the Board of Immigration Appeals
- [ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

*Section 241(a)(5) of the Immigration and Nationality Act, as amended.*

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

James D. Goldman
<span style="font-size:small">(Signature of INS official)</span>

Assistant District Director for Investigations
<span style="font-size:small">(Title of INS official)</span>

Miami, Florida
<span style="font-size:small">(Date and office location)</span>

00001

Form I-205 (Rev. 4-1-97)N(Subs)

U.S. Department of Justice
Immigration and Naturalization Service

**Record of Sworn Statement in Affidavit Form**

File No. __A19 529 207__

Date: March 20, 2000

Name: __Oscar H. TENORIO-Mallarino__

Executed at: __Miami, Florida__

Before the following officer of the U.S. Immigration and Naturalization Service: __Julian M. Hernandez, Special Agent__

In the __Spanish__ language.   Name of Interpreter used, if any: __None__

I, __Oscar H. TENORIO-Mallarino__, acknowledge that the above-named officer has identified himself or herself to me as an officer of the United States Immigration and Naturalization Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the immigration and nationality laws of the United States. He or she has informed me that he or she desires to take my sworn statement regarding my reentry into the United States after my removal under an order of deportation, exclusion, or removal.

He or she has told me that my statement must be freely and voluntarily given and has advised me that any statement I make may be used against me in any administrative proceeding.

I am willing to make a statement without anyone else being present. I swear or affirm that all of the statements I am about to make are true and complete.

Q.  **What is your true and correct name?**

A.  Oscar Hernan TENORIO-Mallarino

Q.  **Have you used any other names?**

A.  Jorge ZUNIGA

Q.  **Of what country are you a citizen?**

A.  Colombia

Q.  **What is your date and place of birth?**

A.  11/27/44, Buena Ventura, Colombia

Q.  **When did you last enter the United States?**

A.  March of 1998

Q.  **How and where did you enter the United States at that time?**

A.  I crossed the border in San Ysidro, California

Q.  **Have you ever been ordered deported, excluded, or removed, were you removed by the INS or did you leave the United States voluntarily?**

A.  Yes, I was deported by Immigration on March 08, 1996.

Q.  **Have you ever applied to the Attorney General of the United States for permission to re-enter the United States after you were deported, excluded, or removed from the United States?**

A.  No.

O.T

00002

Q. Do you have any fear of persecution or torture should you be removed from the United States?

A. Yes.


Q. Is there anything else you would like to say at this time?

A. I fear persecution if I go back.


I have read (or have had read to me) the foregoing statement, consisting of _____2_____ pages. I affirm that the answers attributed to me herein are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my questioning by the above-named officer of the Immigration and Naturalization Service. I have initialed each page of this statement (and the corrections noted on page(s) _____).

Signature of alien: _____

Subscribed and sworn to me at: _____Miami, Florida_____ on _____March 22, 2000_____

_____          _____
(Signature of Immigration Officer)          Nicholas Economas, SA
                                             (Signature of Witness)


**Record of Sworn Statement**


O.T

00008

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Country to which Deportation has been
directed and Penalty for Reentry without Permission

PLEASE REFER TO THIS FILE NO. A19 529 207

DATE: 03/05/96

Oscar Hernan Tenorio-Mallarino
Service Custody

The above has been explained to me in the
SPANISH language, and I understand
what it means:                                 3-8-96
(Witness)                                      3-8-96
(Interpreter)                                  3-8-96  (Date)

Dear    SIR:

**This is a warning.  Please read carefully.**

It has been ordered that you be deported to_____ Colombia _____

You will be informed, if appropriate, when departure arrangements are complete.  If needed, we will assist you as much as possible in arranging your personal affairs for your departure.  However, you may be deported at any time and without further notice.

Should you wish to return to the United States you must write this office or the United States Consular Office nearest your residence abroad as to how to obtain permission to return after deportation.  Permission must be obtained from the Attorney General if you are seeking admission within five (5) years of deportation or removal, or within twenty (20) years if your deportation was subsequent to a conviction for an aggravated felony.

**By law, (Title 8 of the United States Code, Section 1326),** any alien who has been arrested and deported or excluded and deported who enters, attempts to enter, or is at any time found in, the United States shall be subject to the penalties listed below unless, prior to his reembarkation at a place outside of the United States or his application for admission from a foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission:

(a) Any such alien, other than an alien convicted of a felony, shall be fined not more than $250,000.00 or imprisoned for not more than two (2) years. [8 U.S.C. § 1326(a)].

(b) Any such alien whose deportation was subsequent to a conviction for a felony (other than an aggravated felony) shall be fined not more than $250,000.00, imprisoned for not more than five (5) years, or both.  [8 U.S.C. § 1326(b)(1)].

*(c) Any such alien whose deportation was subsequent to a conviction for an aggravated felony shall be fined not more than $250,000.00, imprisoned for not more than fifteen (15) years, or both.  [8 U.S.C. § 1326(b)(2)].

Very truly yours,

Walter Cadman

**District Director**

00004

Form I-294 (Rev. 06/12/92) N

WARRANT FOR DEPORTATION OF

_Oscar Hernen Teronio_
(Name of Deportee)

Deported at Port of _MIA_ on _3/8/96_
(port of departure from the U.S.) (date of departure)

via _AA # 915_
(manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: _____
(signature and title of officer)

If actual departure <u>not</u> witnessed, fully identify source or means of departure
verification: _____

_____

If self-deportation pursuant to 8CFR 243.5, check here [ ]

Officer Executing Warrant: _____
(signature and title)

Date Form Completed: _3/8/96_

Comments:

X _____
(signature of person fingerprinted)

_____
(signature of official taking print)

right thumb print

_____
(title of official taking print)

00000

UNITED STATES OF AMER...
DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

## WARRANT OF DEPORTATION

No. A19 529 207

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigratio and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien Oscar Hernan TENORIO-Mallarino

who entered the United States at Miami, Florida

on or about the 15TH day of March , 1979, is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241(A)(1)(B) AND 241(a)(2)(B)(i) of the INA.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the

Signature: _____

Title: District Director

Date: 03/05/96

Place: Miami, Fla

Form I-205
(Rev. 11-29-79)N

0000€

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Intent/Decision to Reinstate Prior Order**

File No. A19 529 207

Date: March 22, 2000

Name: Oscar Hernan TENORIO- Mallarino

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR 241.8, you are hereby notified that the Attorney General intends to reinstate the order of _____ Deportation _____ entered against you. This intent is based on
(Deportation / exclusion / removal)
the following determinations:

1. You are an alien subject to a prior order of deportation / exclusion / removal entered on ___March 01, 1996___ at
(Date)
Miami, Florida
_____.
(Location)

2. You have been identified as an alien who:

[x] was removed on ___March 08, 1996___ pursuant to an order of deportation / exclusion / removal.
(Date)

[ ] departed voluntarily on _____ pursuant to an order of deportation / exclusion / removal on or
(Date)
after the date on which such an order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about ___**March of 1998**___ at or near ___**San Ysidro, California**___
(Date)                                      (location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a written or oral statement to an immigration officer. You do not have a right to a hearing before an immigration judge.

*The facts that formed the basis of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the* ___Spanish___ *language.*

___J.M. Hernandez___                          ___[Signature]___
(Printed or typed name of official)            (Signature of officer)

                                               ___Special Agent___
                                               (Title of officer)

---

### Acknowledgment and Response

I [✓] do [ ] do not wish to make a statement contesting this determination.
3/22/00                                        ___[Signature]___ OT
(Date)                                          (Signature of Alien)

---

### Decision, Order, and Officer's Certification

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

___03/22/00___    ___Miami, Florida___        ___[Signature]___
(Date)              (Location)                  (Signature of authorized deciding INS official)

James T. Spearman, Jr.                         Deputy ADDI
(Printed or typed name of official)            (Title)

Form I-871 (Rev. 6-5-97)(Subs)

0000

U.S. Department of Justice
Immigration and Naturalization Service

**Warning to Alien Ordered Removed or Deported**

File No: A 19 529 207

Date: March 22, 2000

Alien's full name: _____ Oscar Hernan TENORIO-Mallarino _____

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years of the date of departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:

    ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

    ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.

    ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

    ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by an immigration officer, a judge of a United States District Court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:

    ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

    ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

    ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act

    ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

    ☐ to have reentered the United States illegally and have had the prior order reinstated under section 241 (a)(5) of the Act.

☒ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony,. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

_(Signature of officer serving warning)_

Special Agent

_(Title of officer)_

Miami, Florida

_(Office)_

000002

Form I-294 (6-1-97)N(Subs)

(Rev. 9-1-82) Y (Spanish)

Immigration and Naturalization Service

File No._____

## AVISO DE DERECHOS

Antes de que le hagamos cualquier pregunta, usted debe de comprender sus derechos:

Usted tiene el derecho de guardar silencio.

Cualquier cosa que usted diga puede ser usada en su contra en un juzgado de leyes, o en cualquier procedimiento administrativo o de inmigración.

Usted tiene el derecho de hablar con un abogado para que el lo aconseje antes de que le hagamos alguna pregunta, y de tenerlo presente con usted durante las preguntas.

Si usted no tiene el dinero para emplear a un abogado, se le puede proporcionar uno antes de que le hagamos alguna pregunta, si usted lo desea.

Si usted decide contestar nuestras preguntas ahora, sin tener a un abogado presente, siempre tendrá usted el derecho de dejar de contestar cuando guste. Usted también tiene el derecho de dejar de contestar cuando guste, hasta que pueda hablar con un abogado.

He leído (o me han leído) esta declaracion sobre mis derechos, y comprendo cuales son.

_____ (Firma)   03/22/00 (Fecha y hora)   Miami, Florida (Lugar)

_____ (Firma del funcionario de inmigración)  S/A   X _____ (Firma del testigo)

## RENUNCIA

Estoy dispuesto a prestar declaraciones y a contestar preguntas. Por el momento no deseo tener un abogado. Comprendo y estoy consciente de lo que estoy haciendo. No he sido objeto de promesas, amenazas, presion o coercion de ninguna clase.

X _____ (Firma)   03/22/00 (Fecha y hora)   Miami, Florida (Lugar)

## CERTIFICATION

I HEREBY CERTIFY that the foregoing Warning and Waiver were read by me to the above signatory, that he also read it and has affixed his signature hereto in my presence,

_____ Immigration Officer Signature   S/A

X _____ Witness' Signature   S/A

_____ NONE used.
Interpreter's Signature                                Language

_____ N/A
Interpreter's Address

## INTERVIEW LOG

1. Person interviewed Oscar H. TENORIO-MAJARREZ  2. Officer(s) JM Hdz / Le Duc.

_____ 3. Place (exact address and identity of room) _____

_____ 4. Date _____

5. Exact Time place of encounter or arrest 4268 Pine Ridge Ct. Webston, Florida.

6. If transported from place of encounter to interrogation point, show exact time involved. arrested at 06:1
Note whether interrogation continued during transporting  Rights read at 06:20 AM.

7. Officers making arrest and/or transporting subject  S/A JM Hernandez / S/A Le Duc.

8. Time interview began 06:25 AM  9. Time subject or suspect advised of right to remain silent and f any statement could be used against him in court and name of officer furnishing advice. 06:20 AM

_____ 10. Time subject advised of right to presence of couns retained or appointed and name of officer furnishing advice 06:20 AM

11. Time questioning concluded _____ 12. Time written statement commenced 08:30 AM

13. Person preparing statement S/A J.M. Hernandez _____ 14. Time statement completed 09:00 A

15. Time statement reviewed by person interviewed 09:00 AM 16. Time statement signed 09:00 A.

17. Record of requests and complaints of subject and actions taken thereon _____

_____

000059

(If additional space required, continue on an attachment.)

<<<<Message Separator>>>>>

FCIC Message Ack Received.


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:28  MESSAGE NUMBER:00019

ATTENTION:                              CONTROL:

FQI FLINS33SOOSCAR                          TENORIO
UM19441127
C
--FLORIDA CCH RESPONSE--

QI.NAM/TENORIO,OSCAR.RAC/U.SEX/M.DOB/112744.PUR/C
NO CRIMINAL HISTORY RECORD NAM/TENORIO,OSCAR

--NCIC--
1L01FLS0063457678
FLINS33SO

NO NCIC WANT NAM/TENORIO,OSCAR DOB/19441127 RAC/U SEX/M

--FCIC HIT RESPONSE--
FQI : NO RECORDS FOUND
--END--


<<<<Message Separator>>>>>

FCIC Message Ack Received.


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:29  MESSAGE NUMBER:00020

ATTENTION:                              CONTROL:

QH FLINS33SO              OSCAR                          TENORIO
UM19441127                  C
--NCIC--
QH MESSAGE HAS BEEN SENT TO NCIC.
--END--


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:29  MESSAGE NUMBER:00021

ATTENTION:                              CONTROL:


--NCIC--
7L01FLA0063457823
FLINS33SO
THIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
INQUIRY ON NAM/TENORIO,OSCAR SEX/M RAC/U DOB/19441127 PUR/C

| NAME | FBI NO. | INQUIRY DATE |
|------|---------|--------------|
| TENORIO-MALLARINO,OSCAR HERMAN | 208996K10 | 2000/03/22 |

| SEX | RACE | BIRTH DATE | HEIGHT | WEIGHT | EYES | HAIR | BIRTH PLACE | PHOTO |
|-----|------|-----------|--------|--------|------|------|-------------|-------|
| M | W | 1944/11/27 | 509 | 170 | BRO | BLK | COLOMBIA | N |

00010

```
FINGERPRINT CLASS        PATTERN CLASS
AA TT 06 06 08           AU RS RS RS RS AU RS LS LS LS
AA AA 03 TT 03              LS              AU    AU AU
                           AU              LS


ALIAS NAMES
TEDORIO,OSCAR                    TENORIO,OSCAR
TERORIO,OSCAR                    TERORIO-MALLARINO,OSCAR HERMAN
TERRIO,OSCAR


IDENTIFICATION DATA UPDATED 1996/08/27


THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
 NEW JERSEY       - STATE ID/NJ318670B
 FBI              - FBI/208996K10


THE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
INDEX BY USING THE APPROPRIATE NCIC TRANSACTION.


END

--END--


<<<<Message Separator>>>>>

FCIC Message Ack Received.


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:31  MESSAGE NUMBER:00022


ATTENTION:                          CONTROL:

QR  FLINS33SOOSCAR                       TENORIO
2C8996K10C987
--NCIC--
QR MESSAGE HAS BEEN SENT TO NCIC.
--END--


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:31  MESSAGE NUMBER:00023


ATTENTION:                          CONTROL:


--NCIC--
FL01FLA0063458209
FLINS33SO
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/208996K10.  INDIVIDUAL'S RECORD WILL BE
COMPLETE WHEN ALL RESPONSES ARE RECEIVED FROM THE FOLLOWING SOURCES:
 FBI             - FBI/208996K10
 NEW JERSEY      - STATE ID/NJ318670B
END

--END--


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:31  MESSAGE NUMBER:00024


ATTENTION:                          CONTROL:
```

00011

```
--NCIC--
4L01FLA0063458209
FLINS33SO
ATN/987
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-208996K10.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
                    - FBI IDENTIFICATION RECORD -


WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                            FBI NO.          DATE REQUESTED
TENORIO-MALLARINO,OSCAR HERMAN  208996K10        2000/03/22

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    W     1944/11/27  509     170     BRO   BLK   COLOMBIA

FINGERPRINT CLASS   PATTERN CLASS
AA TT 06 06 08      AU RS RS RS RS AU RS LS LS LS
AA AA 03 TT 03         LS             AU    AU AU
                       AU             LS

1-ARRESTED OR RECEIVED 1972/06/29
    AGENCY-USINS NEW YORK (NYINSNY00)
       AGENCY CASE-A19529216 —> pertains to someone else.
       CHARGE 1-DEP PROC

2-ARRESTED OR RECEIVED 1987/05/14
    AGENCY-USM BROOKLYN (NYUSM0200)
       NAME USED-TENORIO,OSCAR
       CHARGE 1-CONSPIRACY TO DIST COCAINE

    COURT-
       1987/09/17 DISPOSITION-CONVICTED-
       CHARGE-CONSPIRACY COCAINE
       SENTENCE-
       1987/09/17 DISPOSITION-CONVICTED-
       CHARGE-DELIVERY COCAINE
       SENTENCE-168M CONFINEMENT
       CNTS FOR DISPOS&SENT UNK-PRISON,FINE $50

3-ARRESTED OR RECEIVED 1988/08/24
    AGENCY-FEDERAL CORR INST EL RENO (OK009017C)
       AGENCY CASE-25827-053 NAME USED-TEDORIO,OSCAR
       CHARGE 1-CONSP TO DIST COCAINE

    COURT-
       DISPOSITION-
       CHARGE-CONSP TO DIST COCAINE
       SENTENCE-14Y CONFINEMENT

ADDITIONAL CRIMINAL HISTORY RECORD INFORMATION IS MAINTAINED BY THE
FOLLOWING STATES(S):
NEW JERSEY -STATE ID/NJ318670B

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD ARE BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.

THE USE OF THIS RECORD IS REGULATED BY LAW.  IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.

END OF RECORD
```

```
<<<<Message Separator>>>>>

FCIC Message Ack Received.


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:34  MESSAGE NUMBER:00028

ATTENTION:                          CONTROL:

FQ  FLINS33SONJC987                      NJ318670B
--NLETS--
FQ MESSAGE HAS BEEN SENT TO NLETS.
--END--


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:08:36  MESSAGE NUMBER:00029

ATTENTION:                          CONTROL:


--NLETS--

FR.NJNSP0230
06:36 03/22/2000 02227
06:36 03/22/2000 03033 FLINS33SO
*0063458676
TXT
PUR/C.ATN/987.SID/NJ318670B

BE ADVISED

ALL III PARTICIPANTS MUST UTILIZE THE INTERSTATE IDENTIFICATION INDEX
SYSTEM FOR RECORD REQUESTS FROM THE STATE OF NEW JERSEY.--END--


<<<<Message Separator>>>>>

FCIC Message Ack Received.


<<<<Message Separator>>>>>
DATE:03/22/2000  TIME:09:36  MESSAGE NUMBER:00030

ATTENTION:                          CONTROL:

FQI FLINS33SOJORGE                        ZUNEGA
UM19491207
C
--FLORIDA CCH RESPONSE--

QI.NAM/ZUNEGA,JORGE.RAC/U.SEX/M.DOB/120749.PUR/C
NO CRIMINAL HISTORY RECORD NAM/ZUNEGA,JORGE

--NCIC--
1L01FLS0063459021
FLINS33SO

NO NCIC WANT NAM/ZUNEGA,JORGE DOB/19491207 RAC/U SEX/M

--FCIC HIT RESPONSE--
FQI : NO RECORDS FOUND
--END--
```

00013

```
09:00          TECS II EXTERNAL MESSAGE DISPLAY          03222000  T2MD0611
                                                                   T2PD0633
QUEUE TYPE:  PERSONAL          QUEUE NAME:  P5NK
                               MSG STATUS:  NACK
******************** TEXT OF MESSAGE ***************  PAGE 01 **************
FROM NLETS  ON 03/22/00 AT 08:58:39

CR.NJIII0000
06:58 03/22/2000 02506
06:58 03/22/2000 02227 FLINSMMT6
*CQUP5NK601
TXT
HDR/2L01CQUP5NK60100601
ATN/936
THIS RECORD IS BASED ON THE SID NUMBER IN YOUR REQUEST-SID/NJ318670B

          NEW JERSEY CRIMINAL HISTORY DETAILED RECORD

USE OF THIS RECORD IS GOVERNED BY FEDERAL AND STATE REGULATIONS.
UNLESS FINGERPRINTS ACCOMPANIED YOUR INQUIRY, THE STATE BUREAU OF
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                    PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

00014

09:00        TECS II EXTERNAL MESSAGE DISPLAY           03222000  T2MD0611
                                                                  T2PD0633

QUEUE TYPE:  PERSONAL              QUEUE NAME:  P5NK
                                  MSG STATUS:   NACK
******************** TEXT OF MESSAGE **************** PAGE 02 **************
IDENTIFICATION CANNOT GUARANTEE THIS RECORD RELATES TO THE PERSON WHO IS
THE SUBJECT OF YOUR REQUEST. USE OF THIS RECORD SHALL BE LIMITED SOLELY TO
THE AUTHORIZED PURPOSE FOR WHICH IT WAS GIVEN AND IT SHALL NOT BE
DISSEMINATED TO ANY UNAUTHORIZED PERSONS. TO ELIMINATE A POSSIBLE
DISSEMINATION VIOLATION, AND TO COMPLY WITH FUTURE EXPUNGEMENT ORDERS,
THIS RECORD SHALL BE DESTROYED *IMMEDIATELY* AFTER IT HAS SERVED ITS
INTENDED AND AUTHORIZED PURPOSES. ANY PERSON VIOLATING FEDERAL OR STATE
REGULATIONS GOVERNING ACCESS TO CRIMINAL HISTORY RECORD INFORMATION
MAY BE SUBJECT TO CRIMINAL AND/OR CIVIL PENALTIES.  THIS RECORD IS
CERTIFIED AS A TRUE COPY OF THE CRIMINAL HISTORY RECORD INFORMATION
ON FILE FOR THE ASSIGNED STATE IDENTIFICATION NUMBER.

STATE ID NO. 318670B      FBI NO. 208996K10   DATE REQUESTED. 03/22/2000
NAME: TERORIO, OSCAR

MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                      PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)

00015

```
   09:00          TECS II EXTERNAL MESSAGE DISPLAY        03222000   T2MD0611
                                                                     T2PD0633
 QUEUE TYPE:   PERSONAL            QUEUE NAME:   P5NK
                                   MSG STATUS:   NACK
 ******************* TEXT OF MESSAGE *************** PAGE 03 **************
SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    W     11/27/1944   507     187    BRO   BLK   CB

RECEIVING AGENCY: FLINSMMT6  U.S. CITIZEN: UNKNOWN

FPC: AATT060909AAAA04TT04   AFIS NO: 920233              III: MULTI STATE

ALIAS NAMES/OTHER BIRTH DATES
TERRIO, OSCAR                                   11/27/1944

************************* ARREST 001 *****************************
ARRESTED 01/15/1986    AGENCY CASE NO:  14538
    AGENCY: NJ0090800    NORTH BERGEN TWP PD              HUDSON
    001 CNT  NJ2C5-2              CONSPIRACY TO COMMIT
                                 DANGEROUS DRUGS
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                      PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

00016

```
   09:00          TECS II EXTERNAL MESSAGE DISPLAY              03222000  T2MD0611
                                                                         T2PD0633
 QUEUE TYPE:   PERSONAL              QUEUE NAME:  P5NK
                                     MSG STATUS:   NACK
 ******************** TEXT OF MESSAGE *************** PAGE 04 **************
   001 CNT  NJ2421-19A1          DANGEROUS DRUGS

INDICTMENT/ACCUSATION                   PROMIS/GAVEL NO:
NO: I637-86                             DISPOSITION DATE: 01/30/1987
AGENCY: NJ009023J                      HUDSON CO SUPERIOR COURT

DISPOSITION: GUILTY
001  CNT: NJ2421-19A1         DEG: 0         COCAINE

AGGREGATE SENTENCE      DATE: 01/30/1987

       COURT:  NJ009023J     HUDSON CO SUPERIOR COURT
   INCARCERATION: NEW JERSEY SP
     CONFINEMENT      5Y                 AMOUNT ASSESSED  $      1,000

MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN)  PF14(ACKD MSG)
                      PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

```
      09:00              TECS II EXTERNAL MESSAGE DISPLAY          03222000   T2MD0611
                                                                             T2PD0633
QUEUE TYPE:  PERSONAL                QUEUE NAME:  P5NK
                                     MSG STATUS:  NACK
   ******************* TEXT OF MESSAGE ***************  PAGE 05 **************
**********************************************************************************
DEPARTMENT OF CORRECTIONS DATA NOT FOUND FOR THIS SID NUMBER
**********************************************************************************


        CRIMINAL HISTORY DIVERSION PROGRAM AND FELONY CONVICTION SUMMARY

                    PRE-TRIAL INTERVENTION: 000
                    CONDITIONAL DISCHARGE:  000
                    FELONY CONVICTIONS:     000
                    VIOLATION OF PROBATION: 000


WHEN A MISSING DISPOSITION IS REQUIRED, DO NOT CONTACT THE STATE BUREAU
OF IDENTIFICATION(SBI). YOU MUST CONTACT THE AGENCY THAT FURNISHED THE
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                    PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

```
 09:00           TECS II EXTERNAL MESSAGE DISPLAY        03222000  T2MD0611
                                                                   T2PD0633
 QUEUE TYPE:   PERSONAL              QUEUE NAME:  P5NK
                                     MSG STATUS:  NACK
 ******************** TEXT OF MESSAGE **************** PAGE 06 **************
PENDING DATA TO THE SBI. SHOULD YOU HAVE INFORMATION REGARDING AN UPDATE
OR A CORRECTION TO THIS RECORD, PLEASE CONTACT THE SBI AT (609) 882-2000,
EXTENSION 2902 OR 2899.



                          END OF CCH RECORD
END OF RECORD




MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                         PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
END OF THIS MESSAGE
 (PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

00019

Advertencia: Toda alteración, adición o mutilación son prohibidos y cualquier cambio hecho por personas no autorizadas, acarrea la invalidez de este pasaporte.

Nombre OSCAR HERNAN TENORIO M.

Fecha de nacimiento nov 27/44          Esposa

Lugar Palmira -

Talla 1.65    Ojos cast          Hijos

Nariz recta    Boca med

Cabellos cast    Frente entrante

Color trigue    Estado Civil DEL SECRETARIO DE GOBIERNO

Cédula No. 1237 567 Palmira

Profesión empleado -

Firma y Sello



FOTOGRAFIAS

Firma del Titular

00021

10

11





VISAS

VISAS

Nº 007797

CONSULATE
OF THE UNITED STATES

EDWARD A. TORRE
VICE CONSUL OF THE
UNITED STATES OF AMERICA
DO NOT RECOPY OF IMMIGRATION
NEW YORK, N. Y. 364

SEP - 7 1969



7-20-72

Pasport reviewed

INTERNATIONAL E/D CARD

1

PASAPORTE
REPUBLICA DE COLOMBIA
MINISTERIO DE RELACIONES EXTERIORES

F  026317

(36 PAGINAS)

El Gobierno de Colombia solicita de las Autoridades
Nacionales y Extranjeras dar al titular del presente
pasaporte las facilidades para su normal moviliza-
ción y brindarle en caso de necesidad la ayuda y
cooperación que puedan serle útiles.

Expedido en

El 12 de enero de 1968

Valido hasta 12 de 1970

Firma y sello

00023

United States of America vs.

**United States District Court** for

EASTERN DISTRICT OF NEW YORK

OSCAR TEDORIO

DOCKET NO ——▶    86-CR-93

# JUDGMENT AND PROBATION/COMMITMENT ORDER  AO-245 (9/82)

|  |  |
|---|---|
| In the presence of the attorney for the government the defendant appeared in person on this date ——▶ | MONTH SEPT   DAY 17th   YEAR 1987 |

**COUNSEL**

☐ WITHOUT COUNSEL    However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel

☒ WITH COUNSEL  Akhtar Hussain & interpreter R. Van Norman Whitford
(Name of Counsel)

**PLEA**

☒ GUILTY, and the court being satisfied that    ☐ NOLO CONTENDERE.    ☐ NOT GUILTY
there is a factual basis for the plea.    count (1)

**FINDING & JUDGMENT**

There being a finding/verdict of {  ☐ NOT GUILTY. Defendant is discharged

☐ GUILTY.

Defendant has been convicted as charged of the offense(s) of  T-21 USC Sec. 846

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that. The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

Deft. sentenced to imprisonment for a term of FOURTEEN (14) years on count (1).
The sentence imposed herein is to be concurrent to the pending State Court sentence now being served by this deft. in New Jersey.
Defendant is ordered to pay a Special Assessment of $50.00 pursuant to T-18 U.S.Code Section 3013.

**SPECIAL CONDITIONS OF PROBATION**

00024

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer

CERTIFIED AS A TRUE COPY ON

THIS DATE  9-17-87

SIGNED BY

☐ U.S. District Judge

☐ U.S. Magistrate

A TRUE COPY
ATTEST
DATED  Sept 13, 19 90
ROBERT C. HEINEMANN
CLERK
BY  Smith
DEPUTY CLERK

Date  Sept 17, 1987

BY

( ) CLERK
( ) DEPUTY

FILED
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. 'I.Y.

★   i ⎯   `85   ⎯ \

P.M. _____
TIME A.M. _____

CER:MEF:rm
F.#
wp/6/281

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MARIO GARCIA CORTEZ,
CARLOS CABRERA,
OSCAR TEDORIO and
AIDE GARCIA,

            Defendants.

- - - - - - - - - - - - - - - -X

**CR-86-00093**

I N D I C T M E N T
Cr. No.
(Title 21, U.S.C.,
Sections 841 (b)(1)(B),
and 846)

BRAMWELL, J.

THE GRAND JURY CHARGES:

      On or about and between January 11, 1986 and

January 14, 1986, both dates being approximate and

inclusive, within the Eastern District of New York, the

defendants MARIO GARCIA CORTEZ, CARLOS CABRERA, OSCAR

TEDORIO and AIDE GARCIA did knowingly and intentionally

combine, conspire, confederate and agree to distribute a

substantial quantity of cocaine hydrochloride, a Schedule

2.

II narcotic drug controlled substance, in violation of
Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Section
841(b)(1)(B) and 846).

A TRUE BILL

_____
FOREPERSON

RAYMOND J. DEARIE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

A TRUE COPY
ATTEST
DATED Sept 12 19 90.
ROBERT C. HEINEMANN
. . . . . . . . . . . . . . . . CLERK
BY . . . . . . . . . . . . . . . .
DEPUTY CLERK

00026

**U.S. DEPARTMENT OF JUSTICE**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:

_Tinino-Moleno, Osoio t_

RESPONDENT

Case No.: A _- / ?. - ; ? ?. - ? < 7_

Docket: _____

IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the respondent is deportable on the charge(s) in the Order to Show Cause.

Respondent has made no application for relief from deportation.

It is **HEREBY ORDERED** that the respondent be deported from the United States to _____ on the charge(s) contained in the Order to Show Cause.

It is **FURTHER ORDERED** that if the aforenamed country advises the Attorney General that it is unwilling to accept the respondent into its territory or fails to advise the Attorney General within three months following original inquiry whether it will or will not accept respondent into its territory, respondent shall be deported to _____ .

If you fail to appear for deportation at the time and place ordered by the INS, other than because of exceptional circumstances beyond your control (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances), you will not be eligible for the following forms of relief for a period of five years after the date you were required to appear for deportation:

(1) Voluntary departure as provided for in section 242(b) of the Immigration and Nationality Act;
(2) Suspension of deportation or voluntary departure as provided for in section 244(e) of the Immigration and Nationality Act: and
(3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

Immigration Judge

Date: _____

Appeal: RESERVED/WAIVED ( A / I / B )

Form EOIR - 7
REV. - JUNE 93

**U.S. Department of Justice**
Immigration and Naturalization Service

SIRVASE REFERIRSE A ESTE NUMERO DE REGISTRO

A19 529 207

FECHA: 03/05/96

Oscar Hernan Tenorio-Mallarino
Service Custody

Estimado Senor:

**Esta carta es una advertencia. Le pedimos que la lea cuidadosamente.**

Se ha ordenado su deportación a_____Colombia_____.

Se le informará, si es apropiado, cuando se hayan concluido los trámites para su salida. En caso necesario, le ayudaremos lo mas posible para arreglar sus asuntos personales antes de su salida. Sin embargo, puede ser deportado en cualquier momento y sin previo aviso.

En caso de que desee regresar a los Estados Unidos, debe dirigirse por escrito a esta oficina o al Consulado de los Estados Unidos más cercano a su domicilio en el extranjero y preguntar cómo obtener permiso para regresar después de su deportación. Debe obtener el permiso del Secretario de Justicia si trata de entrar en el plazo de cinco años a partir de su deportación o retiro, o en el plazo de veinte años si su deportación se llevó a cabo después de una condena por delito grave con agravantes.

**Según la ley** (Sección 1326 del Titulo 8, Código de los Estado Unidos), todo extranjero que haya sido arrestado y deportado o excluido y deportado y que entre, trate de entrar o se encuentre en cualquier momento en los Estados Unidos estará sujeto a las penas mencionadas a continuación a menos que, antes de reembarcar de un lugar fuera del territorio de los Estados Unidos o antes de la presentación de su solicitud de entrada desde un territorio extranjero contiguo, el Secretario de Justicia acceda expresamente a que dicho extranjero vuelva a solicitar la entrada en el país:

a) Todo extranjero, salvo un extranjero condenado por un delito grave será condenado a multa de no más de $250.000 o a encarcelamiento que no exceda de dos años. [Sección 1326 (a) del Título 8, Código de los Estados Unidos].

b) Todo extranjero deportado después de una condena por delito grave (salvo un delito grave con agravantes) será condenado a multa de no más de $250.000, o encarcelamiento que no exceda de cinco años o ambas penas. [Seccion 1326 (b) (1) del Título 8, Código de los Estados Unidos].

c) Todo extranjero deportado después de una condena por delito grave con agravantes será condenado a multa de no más de $250.000, o encarcelamiento que no exceda de quince años, o ambas penas. [Sección 1326 (b) (2) del Título 8, Código de los Estados Unidos]

Atentamente,

Walter Cadman
Director de distrito                    CC028