

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

January 07, 2002

RE: 00-15314-JJ    USA v. Oscar Hernan Tenorio-Mallarino
DC DKT NO.: 00-06081 CR-WDF

TO:   Clarence Maddox

CC:   Russell K. Rosenthal

CC:   Anne R. Schultz

CC:   Lisa T. Rubio

CC:   Smachetti

CC:   Dawn Bowen

CC:   Randy Alan Hummel

CC:   Debra J. Stuart

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

January 07, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 00-15314-JJ        USA v. Oscar Hernan Tenorio-Mallarino
DC DKT NO.: 00-06081 CR-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one psi
   Original record on appeal or review, consisting of: two volumes, one volume supplemental

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
## For the Eleventh Circuit

No. 00-15314

District Court Docket No.
00-06081-CR-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec 6, 2001
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR HERNAN TENORIO-MALLARINO,
a.k.a. Jorge Zunega,

Defendant-Appellant.



Appeal from the United States District Court
for the Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

            Entered:   December 6, 2001
    For the Court:   Thomas K. Kahn, Clerk
                By:   McCombs, Elaine



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 00-15314
Non-Argument Calendar



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 06 2001
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-06081-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR HERNAN TENORIO-MALLARINO,
a.k.a. Jorge Zunega,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(December 6, 2001)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Oscar Hernan Tenorio-Mallarino appeals his 46-month sentence for illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326. On

appeal, Tenorio-Mallarino argues that his sentence was imposed in violation of the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Specifically, he contends that his 70-month sentence is invalid under Apprendi because the indictment did not allege what Tenorio-Mallarino asserts is an essential element of the offense of illegal reentry after deportation under § 1326(a) & (b)(2), to wit, a prior conviction for an offense designated as an aggravated felony.[1] We review de novo a constitutional objection, raised at sentencing, that asserts error based on Apprendi. See United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir.), cert. denied, 121 S. Ct 2535 (2001).

Upon thorough review of the record, as well as careful consideration of the parties' briefs, we find no reversible error and affirm.

Tenorio-Mallarino argues that his indictment had to allege his prior conviction as an element of the offense because the prior conviction increased the 2-year statutory maximum of 8 U.S.C. § 1326(a) to the 20-year maximum for § 1326(b).

---

[1] Tenorio-Mallarino also argues, for the first time on appeal, that the district committed plain error and violated Apprendi by increasing his base offense level under the sentencing guidelines. We, however, have consistently held that the Apprendi decision does not have an effect upon guideline sentence determinations. See United States v. Sanchez, Nos. 00-13347 & 00-13447, 2001 WL 1242087, at *9 (11th Cir. Oct. 17, 2001) ("Apprendi does not apply to judge-made determinations pursuant to the Sentencing Guidelines.");see also United States v. Nealy, 232 F.3d 825, 829 n.3 (11th Cir. 2000), cert. denied, No. 01-5152, 2001 WL 838472 (Nov. 13, 2001); United States v. Harris, 244 F.3d 828, 829-30 (11th Cir.), petition for cert. filed, No. 01-5358 (June 12, 2001).

Although Tenorio-Mallarino concedes that the Supreme Court has rejected his argument, see Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), he argues that Apprendi requires this Court to revisit the issue.

Pursuant to 8 U.S.C. § 1326(a), a person who has been deported and subsequently attempts to re-enter the United States without permission shall be imprisoned for not more than two years. Section 1326(b) further provides that, "[n]otwithstanding subsection (a) of this section, in the case of any alien described in such subsection – . . . (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined, . . . imprisoned not more than 20 years, or both." 8 U.S.C. § 1326(b)(2).

In Almendarez-Torres, the Supreme Court held that the prior aggravated felony provision in 8 U.S.C. § 1326(b)(2) is a sentencing enhancement provision and not an element of the offense, so that an indictment is not required to specifically allege a prior aggravated felony conviction, and the government is not required to prove the conviction at trial. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." 120 S.Ct. at 2362-63. However, the Court in <u>Apprendi</u> declined to revisit <u>Almendarez-Torres</u>. <u>See</u> <u>id.</u> at 2362.

This Court has unambiguously held that "<u>Almendarez-Torres</u> remains the law until the Supreme Court determines that <u>Almendarez-Torres</u> is not controlling precedent." <u>United States v. Guadamuz-Solis</u>, 232 F.3d 1363, 1363 (11th Cir. 2000). <u>Almendarez-Torres</u> has not been overturned. Accordingly, we can find no error based on <u>Apprendi</u> in the district court's sentencing scheme.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia